UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN D. PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE HOWARD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00751-DAD-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO INFORM THE COURT WHETHER ENTRY OF DEFAULT SHOULD BE IMPOSED AS TO DEFENDANT MAURICE HOWARD<br><br>(ECF No. 18) |

　　　　Plaintiff Bryan D. Patterson is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action proceeds proceed on Plaintiff's First Amendment free exercise of religion claims against defendants Maurice Howard and John Doe.

　　　　On September 22, 20200, the Court found service of the complaint appropriate and directed service on Defendants Maurice Howard and John Doe under the Court's E-Service pilot program. (ECF No. 12.)  Pursuant to that order, the service order, summonses, and the operative complaint were served via email on the California Department of Corrections and Rehabilitation ("CDCR").  On October 16, 2020, CDCR filed a Notice of E-Service Waiver indicating that Defendant Maurice Howard intended to waive service.  (ECF No. 14.)  However, CDCR filed a Notice of intent not to

1

waive service as to the John Doe Defendant noting that Kern Valley State Prison has not had a Jewish Rabbi for years.  (ECF No. 15.)

The California Attorney General's Office timely filed a waiver of service of process on behalf of Defendant Maurice Howard on November 13, 2020.  (ECF No. 18.)

Pursuant to the Court's E-Service Order, "[a] defendant who timely waives service need not serve an answer to the complaint until 60 days after the waiver of service of process was sent."  (ECF No. 12, p. 3.)  Further, "[f]or any defendant that the CDCR advises will be waiving service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent."  (Id.)  Defendant Howard's waiver of service incorrectly reflects that Defendant's answer or motion under Rule 12 is due within 60 days after April 30, 2020.  (ECF No. 18.)  However, Defendant Howard's responsive pleading was due within 60 days after October 16, 2020-the date CDCR's Notice of E-Service Waiver was filed, i.e. December 15, 2020.  To date, Defendant Maurice Howard has not filed a response to the complaint and the time to do so has passed.  (Id.)

Accordingly, it is HEREBY ORDERED that within thirty (30) days from the date of service of this order, Plaintiff shall inform the Court whether entry of default should be imposed against Defendant Maurice Howard.

IT IS SO ORDERED.

Dated:   **January 4, 2021**

UNITED STATES MAGISTRATE JUDGE