UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN D. PATTERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>MAURICE HOWARD, et al.,<br><br>          Defendants. | Case No.: 1:20-cv-00751-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMNET<br><br>(ECF No. 31) |

Plaintiff Bryan D. Patterson is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for summary judgment, filed May 18, 2021.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendant Howard for violation of Plaintiff's right to a religious diet.

On January 8, 2021, Defendant filed an answer to the complaint. (ECF No. 22.)

On January 11, 2021, the Court set this case for settlement conference and stayed the action for a period of 80 days. (ECF No. 23.)

///

///

1

On February 8, 2021, Defendant filed a notice to opt-out of the settlement conference.  (ECF No. 24.)  On February 9, 2021, the Court vacated the settlement conference and issued the discovery and scheduling order.  (ECF Nos. 25, 26.)

On May 18, 2021, Defendant filed the instant motion for summary judgment for failure to exhaust the administrative remedies.  (ECF No. 31.)

Plaintiff filed an opposition on August 20, 2021, and Defendant filed a reply on August 26, 2021.  (ECF Nos. 34, 35.)

## II.

## LEGAL STANDARD

### A.  Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory unless unavailable.  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'"  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings."  Id. at 90-91.  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the

grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the

ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Summary of CDCR's Administrative Appeal Process[1]

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

---

[1] On March 25, 2020, the grievance procedure outlined in § 3084.1, *et seq.*, was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See CCR, tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, there is no dispute that the events alleged in the complaint took place before the repeal took effect.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's administrative appeal is cancelled, the inmate can separately appeal the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

**B.     Summary of Relevant Factual Allegations of Plaintiff's Complaint**

On August 8, 2019, Plaintiff arrived at Kern Valley State Prison (KVSP) on a non-adverse transfer from High Desert State Prison.

On August 21, 2019, Plaintiff submitted a CDCR 22-inmate request for interview-in which he sought a CDCR 3030 Religious Diet Program Request (RDPR).

Before Plaintiff could receive a response to the CDCR 22, Plaintiff was given a RDPR by a fellow inmate, which he submitted on August 22, 2019.

On September 17, 2019, Plaintiff submitted a second CDCR 22 seeking another CDCR 3030 application because the first request 2, 2019, received no response.

///

5

1     On October 3, 2019, Defendant Howard, a Facility Captain and Imam, responded to the second request by stating that the original RDPR had been "delayed," while in turn providing yet another CDCR 3030 form.

On December 22, 2019, Plaintiff and inmate Humphrey submitted an inmate appeal regarding the dietary program, failure to respond to the RDPR, and denial of a Kosher meal which was previously approved.

On December 24, 2019, the appeal was rejected because it pertained to multiple unrelated issues which could not be responded to in a single appeal response. It was also ordered that Plaintiff remove the CDCR 602-G prior to the resubmission of the appeal.

In response, Plaintiff resubmitted the inmate appeal arguing that the issues raised were related. However, on December 31, 2019, the appeal was rejected again on the same basis, and Plaintiff was advised that the appeal would be cancelled if he did not follow the initial instructions. Plaintiff was thereafter forced to abandon his appeal and the issue was discarded.

On February 23, 2020, Plaintiff submitted a third inmate request, along with another RDPR, and he received an interview on February 26, 2020 by Defendant Howard. Following the hearing, Plaintiff was approved to participate in the religious dietary program and began receiving his Kosher meals a few days later. This ordeal lasted for six months, and the delay was not the cause of "legitimate correctional goals or to maintain prison security."

Plaintiff contends that Defendants Howard and John Doe (the Jewish Rabbi) violated his rights under the First Amendment by failing to process his RDPR for six months which forced him to act outside of his religious dietary beliefs.

**C.     Statement of Undisputed Facts**

1.     Plaintiff is an inmate of the California Department of Corrections and Rehabilitation (CDCR) under CDCR No. V10444 and was housed at Kern Valley State Prison (KVSP) from August 8, 2019 to November 7, 2019. (Declaration of A. Leyva ("Leyva Decl.") ¶ 7, ECF No. 31-2.)

2.     Plaintiff as an inmate of CDCR was transferred from KVSP and housed at California State Prison, Sacramento (SAC) from November 7, 2019 to November 26, 2019. (Id.)

3.     The CDCR inmate administrative appeals process was available to and utilized by

6

1 Plaintiff during the time he was an inmate at KVSP.  (Leyva Decl. ¶ 8.)

2      4.     CDCR's inmate appeals process has three levels of review and inmates must submit their appeal on appropriate forms to exhaust their appeals through all three levels of review.  Cal. Code Regs. tit. 15, §§ 3084-3084.9.

5      5.     An inmate must submit an appeal within thirty days of an event or happening that is grieved, must submit an appeal for further review within thirty days of an unsatisfactory lower-level response, and must cure deficiencies in grievances submitted if that appeal is screened out (rejected) within thirty days of that appeal's rejection.  Cal. Code Regs. tit. 15, §§ 3084-3084.9.

9      6.     CDCR's inmate appeals regulations require inmates to identify by name, title, or position each staff member alleged to be involved in the action or decision being appealed.  Cal. Code Regs. tit. 15, §§ 3084-3084.9.

12      7.     Plaintiff submitted no individual inmate appeals regarding any failure to process requests for a religious diet.  (Leyva Decl. ¶¶ 9-11; Declaration of Moseley ("Moseley Decl."), Ex. A, ECF No. 31-5.)

15      8.     Plaintiff was expressly removed from a thrice-rejected group appeal KVSP-O-19-04777 submitted by inmate Humphrey (CDCR No. AN7335) which concerned the issue of a religious diet.  (Leyva Decl. ¶ 12, Ex. I.)

18      9.     Plaintiff submitted appeal HDSP-Z-19-03056, which was ultimately reviewed at the third level of review with the subject matter of Plaintiff's placement in the general population.  The third level review case number assigned is 1912339.  (Moseley Decl. ¶ 8, Exs. B, C.)

21      10.     Plaintiff submitted appeal KVSP-O-19-03134, which was ultimately reviewed at the third level of review with the subject matter of Plaintiff's placement in the general population.  The third level of review case number assigned is 1912339.   (Leyva Decl. ¶ 10, Ex. B; Moseley Decl. 8, Exs. A.)

25      11.     Plaintiff submitted appeal HDSP-O-19-03699, which was ultimately reviewed at the third level of review with the subject matter of Plaintiff's complaint of lost/broken property.  The third level of review case number assigned is 2003700.  (Moseley Decl. ¶ 9. Exs. D, E.)

28 ///

12. Plaintiff submitted appeal SAC-O-19-04799, which was ultimately reviewed at the third level of review with the subject matter of Plaintiff's complaint of lost/broken property. The third level of review case number assigned is 2003700. (Id.)

13. Plaintiff submitted appeal KVSP-O-19-03135, which was ultimately reviewed at the third level of review with the subject matter of Plaintiff's complaint of lost/broken property. The third level of review case number assigned is 2003700. (Leyva Decl. ¶ 10, Ex. C; Moseley Decl. ¶ 9, Exs. D, E.)

14. Plaintiff submitted appeal KVSP-O-19-03646 on September 19, 2019, and then withdrew this appeal on September 30, 2019. The subject matter of that appeal was lost/broken property. (Leyva Decl. ¶ 10, Ex. D.)

15. Plaintiff submitted appeal KVSP-O-19-03691 on September 21, 2019 and this appeal was rejected at the first level of review. Plaintiff received a letter instructing him that this appeal exceeded the allowable number of appeals in a fourteen day period. The subject matter of that appeal was lost/broken property. (Leyva Decl. ¶ 10, Ex. E.)

16. Plaintiff submitted appeal KVSP-O-19-04779 on December 21, 2019 and this appeal was rejected and forwarded to SAC for review. Plaintiff received a letter notifying him of the fact the appeal was forwarded. The subject matter of that appeal was lost/broken property. This appeal was assigned Log No. SAC-R-20-0001 and received at CSP-SAC on December 31, 2019. (Leyva Decl. ¶ 10, Ex. F.)

17. Plaintiff submitted appeal KVSP-O-20-00249 on January 17, 2020 and this appeal was rejected on January 22, 2020 as a "premature appeal." The subject matter of this appeal was regarding classification, case information and records, or a court sentencing error. Plaintiff received a letter informing him of the reason for the rejection as the appeal issue was an "anticipated action." Plaintiff received a copy of his Abstract of Judgment from Merced County and instruction about how to correct any sentencing error by writing the court directly. (A. Leyva Decl. ¶ 10, Ex. G.)

18. Plaintiff submitted appeal KVSP-O-20-01891 on May 20, 2020 and this appeal was denied at the second level of review on July 25, 2020. The subject matter of this appeal was regarding restitution amounts and reimbursement of money to Plaintiff. (A. Leyva Decl. ¶ 10, Ex. H.)

8

19. Plaintiff submitted appeal SAC-R-20-00001 on December 21, 2019 and this appeal was rejected at the first level of review on January 2, 2020. The subject matter of this appeal was lost property. Plaintiff received a letter instructing him to cure the deficiencies to resubmit the appeal with supporting documentation concerning the property items in question. The appeal was later denied at the second level of review on February 22, 2020. This appeal was also assigned Log No. KVSP-O-19-04779. (A. Leyva Decl. ¶¶ 9-10, Ex. F.)

20. There are no records of any appeal submitted by Plaintiff naming Chaplain Howard, or raising any issues regarding failures by Howard to process Religious Diet Request form. (A. Leyva Decl. ¶¶ 10-11, Ex. A; H. Moseley Decl. ¶¶ 8-11.)

**D.  Analysis of Defendant's Motion**

Defendant argues that Plaintiff did not exhaust his administrative remedies because he did not submit an administrative grievance asserting that Defendant Howard failed to act on a request to receive a religious diet.

In opposition, Plaintiff contends that his "forced" removal from a group appeal that was submitted by a third party inmate obstructed his ability to use the administrative process. (ECF No. 34 at 3.)

Here, it is undisputed that Plaintiff did not file an independent appeal regarding the failure to provide him with religious meals. Plaintiff's contention that he was "obstructed" from using the grievance process because he was "forced" to be removed from a group appeal does not excuse his exhaustion. Appeal No. KVSP-O-19-04777 was filed by a third party inmate and does not exhaust Plaintiff's administrative remedies with respect to his religious claim in this action. Indeed, the appeal was properly rejected as being filed on behalf of Plaintiff, and any reference to Plaintiff's allegations were deleted from review. See Cal. Code Regs. tit. 15, § 3084.6(b)(5). It is undisputed that Plaintiff filed several other inmate appeals on his own behalf during the relevant time frame, and there is simply no evidence that he was "obstructed" from doing so with regard to the claim in this action.

Appeal No. KVSP-O-19-04777 was not processed or reviewed as a group appeal. It is undisputed that Plaintiff filed several other inmate appeals on his own behalf, and there is simply no evidence that he was "obstructed" from doing so with regard to this claim raised in the instant action.

9

An attempted group appeal filed by a third-party inmate does not excuse Plaintiff from exhausting his own administrative remedies, nor was Plaintiff obstructed from doing to so because the third-party inmate was prohibited from filing an appeal on Plaintiff's behalf.  In 2019, an appeal could be canceled if it was submitted on behalf of another person, unless it contains allegations of sexual violence, staff sexual misconduct, or sexual harassment of another inmate.  Cal. Code Regs. tit. 15, § 3084.6(c)(5).  Appeal No. KVSP-O-19-04777 was rejected and cancelled as to any allegations involving Plaintiff.  Because Defendant has met their burden to show non-exhaustion, Plaintiff must "come forward with some evidence showing" that: (1) he properly exhausted his administrative remedies before filing suit; or (2) "there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.' " Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  Plaintiff fails to submit evidence in his opposition to refute Defendant's evidence of non-exhaustion, nor does the record provide any such evidence.  Accordingly, the Court finds that Appeal No. KVSP-O-19-04777  does not exhaust any of Plaintiff's claims, and the action should be dismissed without prejudice for failure to exhaust the administrative remedies.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be granted, and the instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time

///

///

10

may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 3, 2021**

UNITED STATES MAGISTRATE JUDGE